NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 22 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUBEN ALEXANDER OBREGON LAGUNA, AKA Ruben Laguna, AKA Ruben Obregon Laguna, AKA Ruben Obregon, AKA Ruben Alexander Obregon, | No.   16-72369 |
| | Agency No. A205-721-230 |
| Petitioner, | |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2022**

Before:      SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Ruben Alexander Obregon Laguna, a native and citizen of Nicaragua,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") decision denying his

_____

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and his requests to continue proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law. *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review de novo claims of due process violations in immigration proceedings. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for abuse of discretion the denial of a continuance. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

The BIA did not err in its determination that Obregon Laguna failed to meaningfully challenge the IJ's time bar determination as to his asylum claim. *See Alanniz v. Barr*, 924 F.3d 1061, 1068-69 (9th Cir. 2019) (no error in BIA's waiver determination). We lack jurisdiction to review Obregon Laguna's contentions as to the merits of his asylum claim because he failed to raise them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). Thus, Obregon Laguna's asylum claim fails.

Substantial evidence supports the agency's determination that Obregon Laguna failed to establish he suffered harm that rises to the level of persecution.

16-72369

*See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) ("Persecution . . . is an extreme concept that does not include every sort of treatment our society regards as offensive." (internal quotation and citation omitted)). Substantial evidence also supports the agency's determination that Obregon Laguna failed to establish a clear probability of future persecution on account of a protected ground. *See Tamang v. Holder*, 598 F.3d 1083, 1094-95 (9th Cir. 2010) (fear of future persecution was not objectively reasonable). Thus, Obregon Laguna's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Obregon Laguna failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Nicaragua. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Obregon Laguna's contentions that the agency violated his right to due process fail. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (error and prejudice are required to prevail on a due process claim; *see also Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA reviewed the record).

There was no abuse of discretion in the denial of Obregon Laguna's request for a continuance, orally raised to the IJ on June 24, 2015, where he did not demonstrate good cause. *See* 8 C.F.R. § 1003.29; *Ahmed*, 569 F.3d at 1012 (listing

16-72369

factors to be considered in determining whether the denial of a continuance constitutes an abuse of discretion). To the extent Obregon Laguna challenges the denial of his motion to continue, filed on May 15, 2015, we lack jurisdiction to consider it. *See Barron*, 358 F.3d at 677-78.

We do not consider the materials Obregon Laguna references in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**